IN THE DISTRICT COURT OF THE UNITED STATES

DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Cr. No.: 3:24CR00304-MGL(1) |
| vs. | SENTENCING MEMORANDUM AND/OR MOTION FOR VARIANCE |
| **DONALD RAY HURST** | |
| Defendant. | |

PLEASE TAKE NOTICE that the above-named defendant, by and through undersigned counsel**,** hereby moves this Honorable Court to impose a sentence that is less severe than the sentencing range currently called for by the advisory sentencing guidelines. As it stands pre-sentencing, Mr. Donald Hurst's advisory sentencing range is 210-262 months. This range is based on a total offense level of 33 and a criminal history category of V.

In support of this motion, this defendant offers the following:

A two count Information was filed in this case against Mr. Hurst on November 18, 2024. Mr. Hurst is charged with destruction of an energy facility and possession of child pornography involving a prepubescent minor. Mr. Hurst entered a guilty plea to both Counts of the Information on December 5, 2024, pursuant to a written plea agreement. An initial PSR was prepared and provided to the parties on February 11, 2025. In the report, defendant's adjusted offense level as to Count 1 was a 17. The adjusted offense level as to Count 2 was a 33, which included a 2-level enhancement pursuant to USSG 3C1.1 for obstruction of justice. Despite entering a timely guilty plea, defendant did not receive any reduction for acceptance of responsibility. Defendant's resulting

advisory sentencing guideline range was 210-262 months based on a total offense level of 33 and a criminal history category of V. Defendant raised a number of objections and requested clarifications. Certain revisions were made in a revised report dated April 7, 2025. The remaining objections, including one to the enhancement for obstruction of justice and the related lack of any reduction for acceptance of responsibility remain outstanding.

## GUIDELINES

### A. Obstruction of Justice

As to the obstruction of justice enhancement, Mr. Hurst believes this enhancement is erroneously applied.

Section 3C1.1, entitled Obstruction or Impeding the Administration of Justice reads as follows:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels. If the offense—

Mr. Hurst asserts that at the time the conduct which purportedly supports the enhancement occurred, that being Mr. Hurst's conversation with his girlfriend on April 15, 2024, he was not under investigation for any possession of child pornography offense. The application note cited by probation provides an example: destroying or concealing or directing or procuring another person to destroy or conceal evidence that is material to an official investigation or judicial proceeding (e.g., shredding a document or destroying ledgers upon learning that an official investigation has commenced or is about to commence). The evidence at issue would not be material to the destruction of an energy facility and gun offense for which he was under investigation; and no enhancement for obstruction was applied in the calculation of the guidelines for Count 1. There was

2

no official investigation or even potential child pornography investigation at the time Mr. Hurst made these statements. Necessarily Mr. Hurst could not have learned of an investigation that did not exist, nor could he obstruct it. Mr. Hurst voluntarily disclosed, and then within 48 hours fully accepted responsibility in a recorded confession for the material on the hard drive, which is still prior to any analysis by authorities. The possession of child pornography offense and its guidelines completely eclipse the guidelines and time Mr. Hurst faces on either of the other charges against him. The unique facts and circumstances of this case do not support an obstruction of justice enhancement under U.S.S.G. § 3C1.1; and application of such an enhancement is unjust for these reasons as well as additional reasons that may be set forth as his sentencing hearing.

### B. Acceptance of Responsibility

As to the determination to not award any points for acceptance of responsibility, Mr. Hurst asserts this is an erroneous application of the guidelines. Mr. Hurst objects to not receiving a reduction for acceptance of responsibility. Mr. Hurst confessed and accepted responsibility for his conduct in this case on a jail call, knowing and fully acknowledging that the call was being monitored and recorded and could be used as evidence against him. As well, he waived Indictment and agreed to plead to an Information which added an additional charge without requiring the Government to proceed to the Grand Jury. He entered a timely guilty plea permitting the Government to avoid preparation for a trial and preserving judicial resources. During his guilty plea, he states more than once that he is guilty of his crimes and that he has confessed to them. The relevant offense of conviction is possession of child pornography in April of 2024. Mr. Hurst has admitted the elements of this offense. As well, the Government offered a factual basis for the plea to which Mr. Hurst agreed. Additionally, Mr. Hurst has not denied any of the enhancements applied under the 2G2.2 guideline, nor has he sought to avoid any enhancements based on the date of the

download of any files. Mr. Hurst has clearly demonstrated responsibility for his offenses consistent with U.S.S.G. § 3E1.1 and asks that the Court consider awarding him the appropriate reduction for these reasons as well as others that may be set forth at his sentencing hearing.

**C. Variance**

Even if the Court were to overrule defendant's objections and conclude that the guidelines are correctly calculated, Mr. Hurst would request that the Court consider varying downward to a sentence in this same range.

## ADVISORY GUIDELINES AND SENTENCING FACTORS

The sentencing guidelines have been advisory since January 2005 when the United States Supreme Court decided *United States v. Booker*, 125 S. Ct. 738 (2005). Now, all federal district courts must follow the dictates of 18 U.S.C. § 3553(a) which requires that:

(a) Factors to be considered in imposing a sentence.–The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider–

> (1) the nature and circumstance of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed:
>
> > (A) to reflect the seriousness of the offense, to promote respect of the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;
> >
> > (C) to protect the public from further crimes to the defendant; and
> >
> > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for–
>
> > (A) the applicable category of offense committed by the applicable category

    of defendant as set forth in the guidelines–

      (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28; and

      (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

    (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28;

 (5) any pertinent policy statement-

    (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by acts of Congress (regardless of whether such amendments issued under section 994(p) of title 28; and

    (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

 (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

 (7) the need to provide restitution to any victims of the offense.

"Under 3553(a)'s 'parsimony clause,' it is the sentencing court's duty 'to impose a sentence sufficient but not greater than necessary to comply with the` specific purposes set forth' at 18 U.S.C. § 3553(a)(2)." <u>Dorvee</u>, 604 F.3d at 93. "In applying § 3553(a) and its parsimony clause, the court must look to 'the nature and circumstances of the offense and the history and characteristics of the defendant,' 18 U.S.C. § 3553(a)(1), 'the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct,' 18 U.S.C. §

3553(a)(6), and the guidelines themselves." Id. The statutory directive in the parsimony clause represents the "overarching" command of the statute. Kimbrough, 552 U.S. at 111.

As to the nature and circumstances of this offense, Mr. Hurst acknowledges that this is a very serious matter, and he deeply regrets his involvement in any of this criminal activity. He does asks that the Court consider the singularly unique facts and circumstances of this case, which are that he essentially voluntarily reported the most serious conduct in this case, the possession of child pornography, and then almost immediately confessed to this crime, exposing himself to well over six times as much jail time as he is facing on the destruction of an energy facility charge that he was originally investigated for and charged with.

As well, while Mr. Hurst made some inaccurate statements during his plea colloquy, when taken in conjunction with his phone confession, his waiver of Indictment, his timely entry of a guilty plea, the other statements made during his plea where states he is guilty of his crimes and that he has confessed to them, his admission to the elements of the offense and to the factual basis for the plea proffered by the Government, Mr. Hurst was not attempting to deny any of the conduct apprising the offense of conviction or any related relevant conduct. This Court accepted his plea of guilty after determining it was knowing, and voluntary. He has not denied or attempted to challenge any the enhancements applied under the 2G2.2 guideline, nor has he sought to avoid any enhancements based on the date of the download of any files. Mr. Hurst believes that he has clearly demonstrated responsibility for his offenses consistent with U.S.S.G. § 3E1.1 and asks that the Court consider a variance sentence in light of these facts as well as others that may be set forth at his sentencing hearing.

Considering Mr. Hurst's history and characteristics, Mr. Hurst asks that the Court consider that six of his criminal history points arise from conduct spanning an approximate seven-month

period of time, when Mr. Hurst was an admitted daily meth user. He was an addict who had a long-term addiction to meth and was known to use any number of illicit substances as he constantly chased a high. The conduct in these paragraphs involve stealing, which was to support his drug habit, and manufacturing meth, which was his drug of choice. He was sentenced for all of this conduct on the same day to concurrent terms of imprisonment for which he served less than two years of total imprisonment. This is the only substantial prison sentence he has ever served. Given this fact, a lengthy sentence is not necessary to deter him from engaging in future criminal conduct.

If the Court either sustains defendant's objections to the obstruction enhancement and lack of reduction for acceptance of responsibility, or considers by way of variance an equivalent guideline range, the comparable final offense level would be a 28 and CH category of V. The relevant Judiciary Sentencing Information Data for such a defendant, prior to any departure is as follows:

> During the last five fiscal years (FY2020-2024), there were 18 defendants whose primary guideline was §2G2.2, with a Final Offense Level of 28 and a Criminal History Category of V, ***after excluding defendants who received a §5K1.1*** substantial assistance departure. For the 18 defendants (100%) who received a sentence of imprisonment in whole or in part, the average length of imprisonment imposed was 121 month(s) and the median length of imprisonment imposed was 130 month(s).
> The sentencing data provided does not reflect the Commission's recommendation regarding the appropriate sentence to be imposed or represent the Commission's official position on any issue or case. Nor does the information provided reflect the Commission's position regarding the weight to be given, if any, to the above sentencing information in a court's determination of the appropriate sentence to be imposed.
> If the court does consider the above sentencing information as part of its consideration of the factors in 18 U.S.C. § 3553(a) in imposing sentence, it should do so only after considering the properly calculated guideline range and any applicable departures provided for in the Guidelines Manual.

## **CONCLUSION**

Based on the reasons discussed herein and any additional information placed on the record during the sentencing hearing, Mr. Hurst respectfully requests that this Honorable Court sustain his

objections and/or downwardly vary from the advisory guideline range contained in his Presentence Report and impose the most lenient sentence possible.

                                               Respectfully submitted,

                                               /s/ Casey P. Riddle,
                                               Assistant Federal Public Defender
                                               c/o McMillan Federal Building
                                               401 W. Evans Street, Suite 105
                                               Florence, South Carolina 29501
                                               Telephone: (843) 662-1510
                                               **Attorney ID #: 12315**

Florence, South Carolina

August 13, 2025